## S. C. Kilgore et al. v. Northwest Texas Baptist Educational Association.

| 90 | 139|
| 90 | 616|

Decided November 9, 1896.

1. **Practice in Supreme Court.**

Although no findings of fact have been made by the Court of Civil Appeals, the Supreme Court, on writ of error, will look to the evidence in the record to determine the correctness of a charge given by the court as applied thereto. (P. 141.)

2. **Abandonment of Contract—Declarations of Intention.**

Intention to abandon a contract in the future is not a breach of it, but, when positively declared, may be accepted by the other party as a repudiation and termination of it; but such declarations, to have this effect, must be unconditional and must be promptly acted on. (P. 142.)

3. **Same.**

The rule that a declaration of an intention to abandon a contract at a future date may be treated as an abandonment is not applicable to a case where its performance is in the course of completion and the party making the declaration continues actively engaged in its performance. (P. 143.)

4. **Same—Charge.**

See opinion for evidence under which, in a suit presenting the issues, whether a contractor for the construction of a building wrongfully abandoned the work, or the owners wrongfully took possession and refused to permit him to complete it, a charge that the latter had the right to treat the contract as abandoned if the contractor's conduct evinced an intention on his part to abandon it, should have been qualified by the statement that declarations of an intention to abandon the contract must be distinct and unequivocal, and must be promptly acted on by the opposite party, and such error was not one of mere omission. (Pp. 140 to 143.)

Error to Court of Civil Appeals, for Second District, in an appeal from Wise County.

The Educational Association sued Kilgore and the sureties on his bond, given to secure compliance with his contract to erect a building for them, for damages from his failure to complete the contract, and recovered a judgment for four hundred dollars, which, on appeal by defendants, was affirmed, whereupon appellants procured writ of error.

*McMurray & Gose,* for plaintiff in error Kilgore, *C. B. Randell & J. A. L. Wolfe,* for plaintiffs in error, Coleman, Wood and Grace, his sureties.— There being no issue of estoppel in the case, unless the contractor, Kilgore, had actually abandoned the contract, no conduct or action of said Kilgore merely evincing an intention to abandon his contract would justify appellee in treating the said contract as abandoned by him. Dingley v. Oler, 117 U. S., 490.

*R. E. Carswell* and *Bullock & Tankersley,* for defendant in error.— If Kilgore, after having begun the contract, refused to proceed further, or declared his inability or unwillingness to proceed further, or if he, having begun the contract, demanded that the committee should accede to conditions not in the contract before he would proceed, appellee had the

right to treat such conduct as a breach of the contract and bring its suit. 2 Parsons, Cont., 830.

BROWN, ASSOCIATE JUSTICE.—The defendant in error, a private corporation, instituted this suit against the plaintiffs in error upon a bond, given by S. C. Kilgore as principal and the others as sureties, to secure the fulfillment of a contract made on the part of Kilgore with the defendant in error, to construct a three-story stone building. Defendant in error recovered a judgment against the plaintiffs in error for the sum of $400.

The petition averred in substance the making of the contract for the construction of the building in question according to plans and specifications drawn by W. A. Cann Architectural Company, and the execution by all of the defendants of the bond on which suit was filed. The petition alleged that Kilgore was to begin the work March 1, 1892, and complete it on or before September 1, 1892. The price to be paid was $23,-355, in monthly installments, as the work progressed, on vouchers issued by the architect, based on estimates made by him, reserving eighty-five per cent for the work actually done. The petition alleged that about the first of May, 1892, Kilgore abandoned the contract and work, although the plaintiff in that suit had complied fully with the obligations and terms of its contract.

The defendants answered, denying that Kilgore had abandoned the contract, but alleging that he was at all times ready and willing to complete the building in accordance with his agreement, but that the plaintiff in the said suit, through its officers and duly authorized agents, unlawfully and fraudulently ousted him from the contract and without his consent took charge of the building; that the building committee appointed by the appellee, together with the architect, willfully refused to furnish estimates for the work done and material on hand, and failed to pay the estimates in accordance with the contract; that the committee caused the superintending architect to condemn large quantities of suitable and costly material supplied by the contractor for the purpose of erecting the building, and procured from the architect estimates which were grossly less than eighty-five per cent of the work actually done; that if the builder had been permitted to complete the building he would have realized as profits the sum of $4000. The defendant Kilgore pleaded in reconvention for his damages.

The Court of Civil Appeals affirmed the judgment of the District Court, from which judgment this writ of error is prosecuted, which is based upon an alleged error of the District Court in giving to the jury the following charge: "If the conduct or actions of the defendant Kilgore, with reference to the building, were such as to evince an intention on his part to abandon the contract, then the plaintiff would have the right to treat the contract as abandoned. On the other hand, plaintiff would not be authorized to treat the contract as abandoned by Kilgore, unless the actions

and conduct of Kilgore with reference to the contract were such as evinced an intention to abandon the contract."

The Court of Civil Appeals made no finding of facts, and in order to determine whether or not the charge given, if erroneous, operated to the detriment of the plaintiffs in error, we have examined the statement of facts, from which we conclude that the evidence would have justified the jury in finding that the defendant Kilgore had actually renounced the contract and ceased work upon the building before the defendant in error took charge of it, and that the abandonment was not justified by any failure on the part of the defendant in error to perform its part of the contract. From the evidence the jury might have concluded that the defendant Kilgore had never renounced his contract or ceased work upon the building; that all of his expressions of an intention to abandon the work were based upon the contingency that he should fail to secure funds to enable him to proceed with it; also that the defendant in error, by its committee, with a fradulent intention of forcing Kilgore to abandon the contract, caused the architect to wrongfully condemn a large quantity of material which he had placed upon the ground to be used in the building, and that the said corporation, through its committee, without any just cause therefor, took charge and control of the said building without consent of Kilgore, and deprived him of the power to execute his contract by the construction of the said building. We have not thought it necessary to state the facts in detail, and have only stated the substance of the conflicting testimony in order that we may determine what should have been the charge of the court in presenting the issues to the jury.

At the trial in the District Court, the judge charged the jury in substance that if they believed from the evidence that Kilgore had abandoned the contract for the erection of the school building, and that such abandonment was not caused by default or wrongful conduct of the plaintiff, and if the plaintiff took possession of the building for the purpose of completing it, they should find for the plaintiff its damages against the defendants. The judge also charged the jury that if they believed from the evidence that Kilgore had not abandoned his contract, or, in other words, that he was engaged in the performance of his contract according to the terms of it, and that the plaintiff wrongfully took possession of the building, then they would find for Kilgore the damages sustained by him. Thus far the charge of the court presented the law upon the issue of abandonment as applicable to the facts presented by each party.

The charge complained of by the plaintiffs in error presented to the jury the issue as to whether Kilgore intended to abandon the contract at a future time, and, if so, instructed the jury that the corporation might consider the contract broken and take possession of the property. From this charge the jury no doubt understood that if, from the evidence, it appeared that Kilgore, at the time, intended to abandon the contract for the construction of the building at some future date, then the corporation was justified in treating the contract as abandoned and in ousting Kilgore

of the possession of the said building. The Court of Civil Appeals attaches to the word "evince," as used in the charge, the force of proof beyond a reasonable doubt; that is, the court construed the charge to mean that if it appeared beyond a reasonable doubt that Kilgore intended in the future to abandon the contract, then the corporation might treat it as abandoned and take charge of the property. We do not think that jurymen engaged in the trial of cases ordinarily would so understand the language, but rather that it was by them interpreted to mean that the declarations and acts of Kilgore must be such as would authorize them to find that he intended at some future time to abandon the contract. But, granting that it was fully established that Kilgore did intend, at some time in the future, to abandon the contract if he failed to get the money necessary to enable him to carry it out—did this authorize the corporation to treat the contract as abandoned?

Suppose that the contract had been that Kilgore should, at some future date, begin the work of constructing the building therein provided for, and that, before that time had arrived, he had declared to the officers of the corporation that he would not perform the work at all. In that case the officers of such corporation would be authorized to accept the proposed breach of the contract and treat it as abandoned and, acting upon such abandonment, to re-let the contract to some other person without waiting for the time of performance to arrive, and the corporation under such circumstances would have been entitled to recover from Kilgore and his sureties any damages that it might have sustained by reason of the breach of the contract. If, however, the officers did not wish to terminate the contract, but to preserve it intact, they could refuse to act upon the declaration made by Kilgore and preserve the contract and their contractual relations to each other until the time of performance should arrive, and then, if Kilgore had persisted in his refusal to perform, the corporation could have maintained its action for damages. If in the latter event Kilgore had desired to retract his declared intention before the corporation acted upon it, he might have resumed the contract and proceeded with the work according to its terms. Clark on Contracts, 644; Kadish v. Young, 108 Ill., 170; Zuck v. McClure, 98 Pa. St., 541; Holloway v. Griffith, 32 Ia., 409.

The intention to abandon the contract at some future date is no breach of it, but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to re-repudiate the contract itself and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But, to have this effect, the declaration of an intention not to perform the contract in the future must be unconditional in its terms. Benjamin on Sales, sec. 568; U. S. v. Smoot, 15 Wall., 36; Dingley v. Oler, 117 U. S., 490. In

his work on Sales, Mr. Benjamin, in the section cited above, says: "But a mere assertion that the party will be unable or will refuse to perform his contract is not sufficient; it must be a distinct and unequivocal absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise was made, for, if he afterwards continue to urge or demand compliance with the contract, it is plain that he does not understand it to be at an end." This language was approved by the Supreme Court of the United States in the case of U. S. v. Smoot, supra.

If the proposition of law attempted to be asserted in the charge were applicable to the facts of this case, the charge itself is erroneous in this, that it fails to state all of the facts necessary to entitle the promisee in the contract to regard it as broken or rather to justify the party in taking possession of the property, as was done in this case. Although the promisor may have declared his intention not to fulfill the contract in the future, yet, to entitle the promisee to maintain an action upon it as for a breach of the contract, it is necessary that he should have promptly acted upon that declaration, and the charge as given in this case does not require the jury to find that the corporation so acted. It is not a defect which should have been supplied by the opposite party asking a charge, but it is one that exists in the failure of the court to state in its instruction all of the grounds upon which the right of the corporation in this case depended. Everything stated in the charge might have been true, and yet it would not have constituted a defense against the cross-bill of Kilgore seeking to recover damages from the corporation for ejecting him from the possession of the building. The evidence tends to show that, after the declarations of Kilgore were made and the acts done by him upon which the abandonment was predicated, the officers of the corporation treated with him and his sureties for a continuance of the work under the contract. If that be true, then it would operate as a waiver of the breach, which might have been claimed if promptly accepted by the corporation. Kadish v. Young and Dingley v. Oler, supra.

But we do not consider the proposition of law embraced in the charge objected to and above quoted as applicable to a case like this, where the party has entered upon the performance of a contract, and is at the time in good faith engaged in the work according to its terms. If Kilgore in this case were proceeding in good faith to perform the work, although while so engaged he might have announced that he intended to abandon it at some future date, the other party would not have had the right to declare such intention of abandonment to constitute a breach of that contract, because the performance of it was then in the course of completion. The ground upon which it is held that when one declares that he will not perform a contract, the performance of which is to begin in the future, the other party may accept this declaration as a breach is that the contract is thus repudiated and, so far as one party can do so, the contractual relation between the parties is destroyed. Clark on Contracts, 645; Zuck v.

McClure, 98 Pa. St., 545. When the promisor is in good faith, actively engaged in the performance of a contract, a declared intention to abandon it at some future time, however positively made, could not operate to terminate it, because he at the same time would by his act of performance be in a more emphatic manner affirming the existence of the contract and maintaining the terms thereof.

In any view that can be taken of this case, the charge given by the court as complained of by this assignment was erroneous, and under the conflict of evidence, as we have shown, the error was material and in all probability may have affected the result; at least, we cannot say that it is immaterial and did not injuriously affect the right of the plaintiff in error.

The Court of Civil Appeals erred in not sustaining the assignment which called in question the correctness of that charge and in not reversing the judgment of the District Court. It is therefore ordered that the judgment of the District Court and of the Court of Civil Appeals be reversed, and that this cause be remanded to the District Court.

*Reversed and remanded.*