## COOPER COTTON OIL CO. v. COOPER GIN CO.

(Court of Civil Appeals of Texas. Dallas.
Oct. 25, 1913. Rehearing Denied
Nov. 15, 1913.)

1. CONTRACTS (§ 272*)—REPUDIATION—PERFORMANCE—EFFECT.

Plaintiff contracted to purchase cotton seed for defendant during the season of 1911–1912, paying its own funds therefor at prices fixed by defendant, and on delivery of the seed defendant agreed to pay therefor and, in addition, a commission of $2 a ton. After about a third of the seed had been delivered, defendant's local manager notified plaintiff that thenceforth defendant would pay only $1 a ton commission on seed thereafter delivered. Plaintiff declined to agree to the reduction, and advised defendant that the original agreement would be observed and seed delivered in compliance therewith, and continued to deliver, and defendant continued to receive, seed until the end of the season, at which time defendant refused to pay more than $1 commission on deliveries subsequent to the notice, which plaintiff refused to accept. *Held*, that defendant's notice under such circumstances was not a repudiation of the contract so as to require plaintiff to refuse to make further deliveries and sell the seed in the market, but plaintiff was entitled to continue deliveries and recover the contract commission.

[Ed. Note.—For other cases, see. Contracts, Cent. Dig. §§ 1192, 1193; Dec. Dig. § 272.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction presenting plaintiff's theory of the case, providing that it would be entitled to recover if the jury believed its testimony, unless the contract, "if any was made, was not breached or canceled by defendant as alleged by it" was not objectionable, as a charge on the weight of the testimony, in assuming that defendant admitted the making of the contract sued on in the use of the words "as alleged by it."

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 194.*]

3. APPEAL AND ERROR (§ 1062*)—REVIEW—HARMLESS ERROR.

Where the appellate court found that the facts were insufficient to establish a cancellation or repudiation of the contract sued on as against plaintiff, it was not a material error that the question was submitted to the jury, which made a similar finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

4. APPEAL AND ERROR (§§ 1050, 1066*)—INSTRUCTIONS—PREJUDICE.

Where there was no breach of the contract sued on as a matter of law, proof that an alleged breach was waived, or a charge on waiver without proof thereof, was unimportant and harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166, 4220; Dec. Dig. §§ 1050, 1066.*]

Appeal from District Court, Delta County; Wm. Peirson, Judge.

Action by the Cooper Cotton Oil Company against the Cooper Gin Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Clark & Leddy, of Greenville, and Newman Phillips, of Cooper, for appellant. Bennett & Lane and A. T. Stell, all of Cooper, for appellee.

RASBURY, J. Appellee sued appellant, alleging that it operated a cotton gin in the town of Cooper, and that appellant operated in said town an oilmill, and that in July, 1911, it was agreed between them that appellee should purchase cotton seed for appellant from its customers during the season, 1911–1912, paying its own funds therefor at prices furnished by appellant, and that on delivery of the seed so bought appellant would pay appellee a commission of $2 per ton, and that under said contract appellee delivered 1,313½ tons of seed, for which appellee was entitled to receive $2,627, and upon which amount appellant paid $1,616.50, leaving unpaid $1,013.50, for which appellee sought judgment. Appellant answered the suit by the general denial and specially averred that during the cotton season of 1911–1912 it paid the cotton ginners of Delta county, including appellee, a commission of $2 per ton for all cotton seed delivered to it until September. 15, 1911, at which time notice was given to all that it would no longer pay said commission, and that the commission so agreed to be paid was not the result of the contract, but because of a custom existing for several years. in the past, and under which appellant reserved the right to either reduce the amount of the commission or cease payment thereof altogether, and that appellant did notify appellee September 15, 1911, that thenceforth it would only pay $1 per ton commission. Upon trial by jury appellee recovered verdict, followed by judgment for the amount sued for, and the cause is here for consideration upon errors assigned by appellant.

The verdict of the jury authorizes the following conclusions of fact: Appellant did agree to pay appellee a commission of $2 per ton on all cotton seed bought by appellee from its customers at prices fixed by appellant during the cotton season of 1911–1912. Under the agreement appellee bought 1,313½ tons of seed and delivered same to appellant. On September 15, 1911, when 358 tons of seed had been delivered, Chester Smith, manager for appellant, acting upon instructions from P. A. Norris, president of appellant, notified C. A. Hardie, manager for appellee, that thenceforth appellant would pay a commission of only $1 per ton on all seed delivered. Appellee declined to agree to the reduction, and advised appellant that the original agreement would be observed and the seed delivered in compliance therewith. The seed were delivered and accepted by appellant after the notice of reduction in commissions. Appellant also furnished appellee, after said notice, the prices to be paid for the seed. Appellant's

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

manager refused, however, to pay more than $1 per ton for the seed after September 15, 1911, and appellee's manager refused to accept that amount, demanding $2. The matter remained thus until the arrival of P. A. Norris, appellant's president, who was not a resident of Cooper. On arrival of Norris, and upon demand for payment on the $2 basis, he declined to pay more than $1 per ton. Thereupon suit was filed.

[1] The materiality of many of the propositions of law asserted on this appeal depend upon whether or not there was in law a breach of the contract found by the jury to have been entered into between appellant and appellee, and because of that fact, and in order to avoid the discussion of immaterial issues, we give it here as our opinion, based upon the undisputed testimony, that there was in law no breach or effective repudiation of the contract by appellant. In passing upon the testimony the jury found such a contract as alleged by appellee was entered into. After appellees had entered upon the performance thereof, and had delivered thereunder one-third of the seed agreed to be delivered, appellant, in an attempt to repudiate the agreement, notified appellee it would rduce the agreed commission to $1 per ton. Appellee, however, declined to agree to such reduction, and advised appellant that it would continue to furnish cotton seed under the agreement, and did subsequently tender appellant the balance of the seed, which were accepted by appellant with but one condition on the part of the local manager, which was that the matter of payment would have to be adjusted with the president of appellant. Had appellant gone further and refused to accept the seed when tendered, it would, of course, have been a repudiation in fact of the contract, and appellee would have been bound to have made some other disposition of the seed, and its remedy might have been changed. Not so, however, appellant's liability, for neither party to a contract which is in course of performance may repudiate same by notice of one of the parties that material changes will be claimed and attempted to be ingrafted thereon. Kilgore et al. v. Northwest Texas Baptist Educational Ass'n, 90 Tex. 139, 37 S. W. 598; Railway Co. v. Payne, 99 Tex. 46, 87 S. W. 330, 70 L. R. A. 946, 122 Am. St. Rep. 603; Kadish v. Young, 108 Ill. 170, 43 Am. Rep. 548.

[2] In accordance with the views just stated, none of the propositions stated under appellant's first assignment of error need be specifically considered, except the second, which urges that the charge of the trial court presenting appellee's theory of the case is erroneous and upon the weight of the testimony in assuming that appellant admitted the making of the contract sued upon. The trial court presented to the jury appellee's theory of the case, and told the jury appellee would be entitled to recover if they believed its testimony, unless the contract, "if any was made, was not breached or canceled by defendant, as alleged by it." The use by the court of the words "as alleged by it" (appellant) is the assumption complained of. We think the use of the term in no sense misled the jury. On the contrary, it occurs to us it kept before the jury both the fact that appellant denied the making of the contract, and at the same time reserved the right to change, modify, or cancel whatever arrangement under which the parties were operating. Certainly an intelligent jury could not distort the words "as alleged by it" into an admission of appellee's claim.

[3] All propositions under the second assignment of error complain of the action of the trial court in leaving by its charge to the determination of the jury whether or not the evidence was sufficient to constitute a cancellation of the contract, since that was an issue of law for settlement by the court. We concede the soundness of the point, but at the same time the action of the court becomes immaterial under our finding that the facts adduced on trial are insufficient in law to establish a cancellation or repudiation of the contract against appellee.

[4] The propositions under the third assignment of error, which complain of the charge of the court upon what would constitute in law a waiver of a breach of the contract, are likewise immaterial under our holding that there was no breach. Being no breach, proof that it was waived, or a charge upon waiver without proof, become unimportant and harmless.

Appellant by its fifth assignment of error complains of the refusal of the court to give one of its special instructions to the jury. The refused charge made it the duty of appellee, when appellant attempted to avoid the contract, to use ordinary care to sell the seed to another, and in the event it appeared that by the use of ordinary diligence appellee could have sold the seed for the same or a better price, the jury should return a verdict for the defendant. Had appellant refused the seed when tendered, it would have been the duty of appellee to have secured for them the best obtainable market price. Appellant, however, accepted the seed, and presumably either utilized same or sold them for the highest price which the testimony shows was obtainable at the time appellant accepted the same. In any event, after acceptance by appellant, no duty arose demanding a sale of them, and accordingly no occasion to give the refused charge.

Finding no reversible error in the record, the judgment of the court below is affirmed.