**SELLERS et al. v. RADFORD.** (No. 1632.)

(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1924.)

**1. Landlord and tenant ⇐⟶195(1)—Voluntary abandonment does not defeat landlord's right to rent coming due under lease contract.**

Tenant's voluntary abandonment of leased premises cannot defeat landlord's right to have rent become due under lease contract.

**2. Landlord and tenant ⇐⟶109(1) — Lessee's and lessor's consent to surrender essential to termination of lease.**

It is essential to termination of term of lease contract that lessor and lessee agree to surrender.

**3. Landlord and tenant ⇐⟶110(1)—Tenant's declaration of intention to abandon leased premises held not breach, but to merely afford landlord opportunity to accept declaration as a breach.**

In view of Rev. St. art. 5475, declaration of tenants under lease contract, for fixed term and fixed rent, of intention to abandon and not further occupy leased building, *held* not breach of lease contract, but merely affords landlord opportunity to accept such declaration as a breach by tenants.

**4. Bankruptcy ⇐⟶318(4)—Rents accruing after decree in bankruptcy of tenants held not provable or discharged.**

Rents which tenants agreed to pay under lease contract providing for fixed term and fixed rent, and which by terms of lease are to accrue subsequent to decree in bankruptcy of tenants, *held* not to constitute provable claim in bankruptcy so as to be discharged.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by J. M. Radford against E. V. Sellers and others, defendant L. F. Signor interposing cross-action against his codefendants. From a judgment for plaintiff and a judgment for defendant Signor on his cross-action, first-named defendant and another appeal. Affirmed.

Wagstaff, Harwell & Wagstaff, and Dallas Scarborough, all of Abilene, for appellants.

Davidson & Hickman, of Abilene, for appellee.

WALTHALL, J. Appellee, J. M. Radford, plaintiff in the trial court, brought this suit against E. V. Sellers, C. E. Sammons, and L. F. Signor, a partnership doing business as such under the trade-name of S. S. S. Motor Company, to recover against each of them, jointly and severally, in the sum of $7,400, alleged to be the balance due on a rental contract, by the terms of which the defendants, on the 30th day of June, 1920, leased from plaintiff a certain building for a period of five years beginning with the completion in the erection of said building on the

15th of March, 1921; the rental contract stating the amount to be paid for the rental period of five years to be $33,000 and to be paid in monthly payments of $550 each. The petition alleges that defendant went into actual possession and occupancy of said building under said rental contract on the 15th of March, 1921, and paid plaintiff for each month thereafter to and including $300 for the month of April, 1923, but have failed and refused to pay any of the amounts falling due since, and stating the amounts due as above at the time of filing his amended petition, and for which amount plaintiff prayed judgment.

Defendants Sellers and Sammons answered by general demurrer, general denial, and, further, that on the 4th day of January, 1922, they were duly adjudged bankrupts and had received their discharge in bankruptcy, and were thereby discharged from any and all liability upon said rental contract; and further pleaded that they had repudiated said rental contract and had declined to carry it out, and that the lease or rental contract was an obligation of defendants at the time they went into bankruptcy, and that by reason of said bankruptcy proceedings, by them specially pleaded, they are discharged from liability thereunder.

Defendant Signor answered admitting the partnership, the execution of the lease contract, alleged that in September, 1920, he sold his interest to Sellers and Sammons and withdrew from the partnership, and that as part consideration therefor Sellers and Sammons contracted and assumed the full and complete payment of the said rental contract, and agreed that he would be held harmless and free from liability thereunder, and they would secure a release as to him from Radford. He alleged a failure on the part of Sellers and Sammons to carry out the terms of their promise as stated; he alleged the bankruptcy proceedings as above and the discharge in bankruptcy of Sellers and Sammons from their provable debts. He alleged that by reason of the matters pleaded he is secondarily liable only, and prayed that in the event any judgment was rendered against him that he have a judgment over against Sellers and Sammons.

Plaintiff, Radford, demurred generally and specially to the answer of Sellers and Sammons, filed a general denial, specially answered that said adjudication and discharge in bankruptcy was made long after defendants went into possession of said building under said lease contract, and that the trustee in bankruptcy did not elect to carry out the terms of said lease contract; that at the time of said adjudication in bankruptcy certain personal property of defendants upon which he had a landlord's lien was in said building, and that there was paid to plain-

---

⇐⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff, out of the proceeds from said property, an amount stated, being the amount due to March 15, 1922, and credited on the rental account, and so notified defendants, and notified defendants that he would expect them to perform said lease contract. Plaintiff alleged that at all times said building had been subject to the possession, use, and occupancy of defendants, and at all times he has insisted on defendants carrying out the terms of the lease contract.

The case was tried without a jury, and judgment entered in favor of plaintiff, Radford, against all of the defendants for the amount sued for, same being the amount of the past-due rents up to and including the month of April, 1923. Judgment was also entered in favor of Signor on his cross-action against the other two defendants for any amount he might be required to pay by reason of said judgment. Sellers and Sammons excepted and prosecute this appeal.

The trial court did not file findings of fact. The facts, however, are practically uncontroverted. They are substantially as follows:

Plaintiff and the three defendants named entered into the written lease contract in 1920, as alleged. At the time the lease contract was executed the building was not finished, but it was finished and turned over to defendants, then composing a partnership and doing business under the trade name of S. S. S. Motor Company, and they entered into possession and occupancy of the building under the lease on the 15th day of March, 1921.

The contract is in the usual form of such instruments, and provides that the lessees would pay to lessor the sum of $33,000 for the use of the building described, said sum being payable at the rate of $550 per month next thereafter the entry into possession, for and during the period of five years. Defendants made all monthly payments of rent up to the 1st day of March, 1922, and $300 on the March payment, but failed and refused to make any rental payments thereafter. There was paid to plaintiff out of the sale of personal property by the trustee on which plaintiff had a landlord's lien, and by plaintiff credited on the rental contract, the sum of $1,437.50, thereby discharging the rent due to March 15th, 1922. No sum is shown to have been paid other than the above. Plaintiff's amended petition, on which the trial was had, was filed on May 3, 1923, at which May term the case was tried. At the time of the trial there was then due under the terms of the lease the sum of $7,400.

On the 4th day of January, 1922, Sellers and Sammons, individually, and as members of said partnership, were duly adjudged bankrupts. Shortly after said defendants were adjudged bankrupts Radford proved his claim in bankruptcy in the S. S. S. Motor Company for the rents due January and February, and up to the 15th of March, 1922, on said building, said claims being for rents accruing during the current year ending March 15, 1922, and the sum so allowed being the $1,437.50 above stated. The balance of plaintiff's claim was disallowed as non-provable against said estates. On May 22, 1922, Sellers and Sammons were each duly discharged in bankruptcy from all debts and claims against their estates which are made provable under the acts of Congress relating to bankruptcy, and excepting therefrom only such debts as are by law excepted from the operation of such discharge.

Signor withdrew from the firm after the lease contract was executed and before the parties got possession of the building, but it was admitted that Radford had no knowledge of such withdrawal and did not consent to it.

Defendants Sellers and Sammons were in possession and occupancy of said building at the time they went into bankruptcy, and at that time the stock of merchandise, etc., which was turned over by them to the trustee in bankruptcy, was in the building. At the time Signor retired from the firm it was agreed between defendants themselves that Signor would be relieved of the liabilities of the firm including the rental contract.

### Opinion.

Appellants make the contention that the undisputed evidence having disclosed that they executed the lease contract sued on and agreed to pay the sum of $33,000 above stated for the use of the building, and to make said monthly payments of $550 and through a stated period of five years, all of said facts being fixed and certain, their liability on said lease was discharged by reason of their discharge in bankruptcy; they further insist that the evidence being undisputed that at and before the time of their bankruptcy they repudiated the lease contract, the appellee had a cause of action against them for breach of the contract which was provable in bankruptcy, and that the discharge in bankruptcy in all respects discharged any obligation appellants had under the lease.

[1-3] Considering the last of the above propositions first, it has often been held in this state since the passage of our Landlord and Tenant Act of April 4, 1874, and April 22, 1879, now constituting article 5475, Revised Statutes, providing that:

"All persons leasing or renting lands or tenements, at will or for a term, shall have a preference lien upon the property of the tenant hereinafter indicated, upon such premises, for any rent that may become due," etc.,

—where the rental contract exists by which the tenant is entitled to occupy the leased

premises for a given term, and by which the landlord is entitled to receive a fixed rent for the entire term, the tenant cannot resist the demand for rent unless he shows evidence under paramount title, or that for some reason, recognized by law as sufficient, he was entitled to and did quit the possession. He cannot defeat the right of the landlord to have the rent become due under the terms of the contract by his own voluntary abandonment of the leased premises. As said by this court in Goldman v. Broyles (Tex. Civ. App.) 141 S. W. 283; a lessee cannot surrender a written lease contract or be released from its terms without the consent of the lessor, it being essential to the termination of the term of the lease that the lessor and the lessee agree to the surrender. See, also, Faseler v. Kothman (Tex. Civ. App.) 70 S. W. 321; Robinson S. & P. Co. v. Hexter & Kramer (Tex. Civ. App.) 167 S. W. 749. And where, as in this case, the appellants simply declared an intention not to further occupy the building and had not done so after their bankruptcy, is no breach of the contract, but has the effect only of affording the appellee the opportunity to accept such declaration of intention and failure to occupy, and make effective such declaration of intention, rendering thereby the contract as breached on the part of the appellants. Kilgore et al. v. Northwest T. B. E. Association, 90 Tex. 139, 37 S. W. 598, and authorities there used.

[4] It remains to be seen whether the bankruptcy proceedings had the effect as matter of law, as contended by appellants under their first proposition, to terminate the lease contract, and if so, thereby furnish appellants a complete defense in bar of appellee's cause of action. We have found no case in this state deciding, or in which the question presented is discussed.

Appellants refer us to the case of Central Trust Co. v. Chicago Auditorium Association, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. p. 811, L. R. A. 1917B, 580, as sustaining their contention to the effect that appellants, having been discharged in the bankruptcy proceedings, they are thereby relieved from the obligation of the lease contract. We think such would generally be the effect of bankruptcy proceedings; the purpose of the Act, generally speaking, being to permit all creditors to share in the distribution of the assets of the bankrupt, and to leave the honest debtor thereafter free from liability upon previous obligations. But Mr. Justice Pitney, in his opinion in the above cause, states that cases arising out of the relation of Landlord and Tenant are distinguishable from the case there discussed, "because of the 'diversity between duties which touch the realty, and the mere personalty.'" This being a landlord and tenant case, the ex-

ception made by the distinguished jurist puts that case out of point here.

We have reviewed a large number of cases in reaching our conclusion in this case, including Re Ells (D. C.) 98 F. 967; Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719, and many of the cases there referred to by Judge Sanborn, without stating them here; Re Roth, 181 F. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270; Colman Co. v. Withoft, 115 C. C. A. 222, 195 F. 250; Remington on Bankruptcy; Atkins v. Wilcox, 105 F. 595, 44 C. C. A. 626, 53 L. R. A. 118; Ruling Case Law, vol. 3, p. 239—and have reached the conclusion that rents which the bankrupts have agreed to pay, and which by the terms of the lease are to accrue subsequent to the decree in bankruptcy, do not constitute a provable claim in bankruptcy; such rents not being at the time of the decree a present existing demand, but the existence and the amount of such possible future demands being contingent upon unforeseen events, such as default of the appellants in their payments, re-entry by appellee, and assumption of the lease by the trustee, so that such future rents are neither liquidated nor unliquidated provable claims. In this case the referee expressly elected not to retain the lease as an asset.

We have found no reversible error, and the case is affirmed.