### AMERICAN BANKERS' INS. CO. v. MOORE.
### No. 12987.

Court of Civil Appeals of Texas. Fort Worth. May 18, 1934.

Joe S. Gambill, of Denton, Harvey C. Ford, Seay, Malone & Lipscomb, and Geo. E. Seay, all of Dallas, for appellant.

Houston & Johnson, of Dallas, for appellee.

DUNKLIN, Chief Justice.

The American Bankers' Insurance Company seeks a review of a judgment rendered against it in favor of Dale Valdine Moore on an insurance policy issued to her.

Following are the provisions of the policy relied on by the plaintiff:

"The American Bankers Insurance Company, Chicago, Illinois, hereinafter called the company, does hereby insure Dale Valdine Moore, herein called the insured, of the City of Dallas, State of Texas, from 12:00 o'clock noon of the 18th day of March, 1932, to 12:00 o'clock noon 18th day of June, 1932, against loss resulting directly, independently and exclusively of all other causes from bodily injury, solely through accidental means, (suicide whether sane or insane is not covered) and against loss resulting directly from disease or illness which originates more than thirty days after the date of this policy, as follows: Total accident disability one hundred dollars per month:

"Part C. Or if such injury, as described in the insuring clause, shall wholly and continuously disable the Insured from his Occupation, such disability beginning within ninety days following the injury, the Company will pay for one day or more, and so long as the Insured shall live and suffer such disability, a monthly indemnity at the rate of One Hundred ($100.00) Dollars, as hereinafter provided."

Plaintiff alleged that as a result of an automobile accident she sustained numerous personal injuries, particularly enumerated and described at length, which have wholly and continuously disabled her from following the occupation in which she was engaged, and that such disability is total and permanent.

The petition contained further allegations of notice given to the company of the accident and of plaintiff's disability resulting therefrom, all in the manner and within the time specified in the policy of insurance, coupled with her demand of indemnity provided for in the policy; but that "defendant wholly failed and refused to pay plaintiff's claim and had deliberately breached, rejected, repudiated and abandoned its said contract of insurance with plaintiff and that it had done so after recognizing the validity and binding force of said contract and without just cause." Then follows a claim for $7,500 as attorney's fees which she has been compelled to incur in order to collect the policy; also for the statutory penalty of 12 per cent., amounting to $2,600, by reason of defendant's breach of its contract. Then follow these allegations:

"The plaintiff alleges that she is in good health except for her injuries and that they are not calculated to shorten her life.

"The plainttiff avers that she is 27 years of age and has a life expectancy of 37 years, and that by reason of the breach of contract herein averred against defendant, she has been damaged in the sum of $22,500.00.

"Wherefore, premises considered, plaintiff prays that citation issue making the American Bankers Insurance Company party defendant hereto and that upon final hearing hereof, she have and recover of defendant $32,000.00 damages as herein specifically alleged, together with costs of suit and for such other relief general and special as she may be entitled to, and she will ever pray."

The defendant filed numerous special exceptions to the petition, together with a general denial and a special plea alleging that it had not repudiated, breached, or abandoned the contract, but had at all times and does now treat the same as in full force and effect for the purpose of paying any liability

that may accrue thereunder as provided by the terms of the contract when proper proof has been furnished in accordance with its provisions; that the only proof of disability furnished by the plaintiff was of partial and not total disability, and that the injury complained of has not wholly disabled her from following her occupation.

The case was tried before a jury who returned a verdict with special findings as follows: On May 28, 1932, plaintiff suffered a personal injury as a result of an automobile accident occurring in Denton county. She has suffered continuous total disability, resulting directly, independently, and exclusively of all other causes from bodily injury, solely as the result of such automobile accident. Such total disability will not be permanent, but she will suffer continuous total disability for a period of 144 months. Her life expectancy is 37 years. The defendant refused to pay plaintiff according to the terms of its contract.

The judgment rendered embodies the following recitals:

"And it appearing to the court that the parties entered into an agreement in open court, before the submission of any issues to the jury, to the effect that if the answers of the jury to the foregoing submitted issues were such as to entitle the plaintiff to a judgment, the court should assess the damages and the court now assesses the damages at the present cash value of $100.00 per month for 144 months applying a discount at the rate of 6% per annum, which discount was agreed to.

"And the court now having under consideration on this the 20th day of April, 1933, plaintiff's motion for judgment, being of the opinion that on such verdict of the jury and the undisputed evidence and the agreement and stipulations of the parties made in open court, the plaintiff is entitled to recover the sum of $10,970.00 as and for her damages sued for herein, it is therefore ordered, adjudged and decreed that the plaintiff, Dale Valdine Moore, a feme sole, do have and recover of and from the defendant, The American Bankers Insurance Company, a corporation, the sum of $10,975.00 with interest thereon from the date hereof at the rate of 6% per annum, together with all costs in this behalf expended, for all of which let execution issue."

It thus appears that damages were awarded for an anticipatory breach of defendant's contract to pay monthly indemnities to accrue during the period of several years subsequent to the date of the judgment. In fact plaintiff's suit was for the entire indemnity provided for in the contract on the theory of an anticipatory breach of the whole, and not merely for indemnities accruing up to the time of the trial.

In 6 Ruling Case Law, page 1023, it is said: "An anticipatory breach of a contract precedes the time prescribed for its performance, or at least the time when tender of performance has been proffered. If it does not precede the time of performance or actual tender it is not anticipatory. * * * There can be no doubt that, under the decisions, a contract may be broken before the time for performance has arrived."

It is further said on page 1025: "In order to justify the adverse party in treating the renunciation as a breach, the refusal to perform must be of the whole contract or of a covenant going to the whole consideration, and must be distinct, unequivocal and absolute, although the renunciation need not necessarily be made at the place of performance named in the contract."

In 10 Tex. Jur. page 458, it is said: "A declaration of an intention not to perform a contract in the future must be positive and unconditional in its terms in order to authorize the other party to accept it as a breach. The party not in default is justified in treating the contract as repudiated or abandoned by the other party, when the latter, by his conduct or misconduct, shows a fixed intention to abandon, or not to comply with its terms in the future, or when he has placed himself in such a position as to be unable to perform."

Many decisions of our own courts fully support the announcement in that text, including Moore v. Jenkins, 109 Tex. 461, 211 S. W. 975; Kilgore v. Northwest Tex. Baptist Educational Ass'n, 90 Tex. 139, 37 S. W. 598, 600. In the latter case the following is said: "The intention to abandon the contract at some future date is no breach of it; but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to repudiate the contract itself, and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But, to have this effect, the declaration of an intention not to perform the contract in the future must be unconditional in its terms.

Benj. Sales, § 567; U. S. v. Smoot, 15 Wall. 36 [21 L. Ed. 107]; Dingley v. Oler, 117 U. S. 490, 6 S. Ct. 850 [29 L. Ed. 984]. In his work on Sales, Mr. Benjamin, in the section cited above, says: 'But a mere assertion that the party will be unable or will refuse to perform his contract is not sufficient. It must be a distinct and unequivocal absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise was made; for, if he afterwards continue to urge or demand compliance with the contract, it is plain that he does not understand it to be at an end.'"

See, also, Greenwall Theatrical Co. v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302; Pollack v. Pollack (Tex. Com. App.) 39 S.W.(2d) 853; Id. (Tex. Com. App.) 46 S.W.(2d) 292, on second motion for rehearing; Ulen Securities Co. v. City of El Paso (Tex. Civ. App.) 59 S.W.(2d) 198.

We have quoted the allegations in plaintiff's pleadings on which she relied to recover damages for an anticipatory breach of the contract by the defendant, and we believe they were subject to the special exceptions addressed thereto by the defendant, on the ground that they were but legal conclusions of the pleader without necessary allegations of fact to support them. The pleadings should have included allegations of some declaration or act on the part of the defendant company showing a clear unconditional present intention not to pay any of the indemnities provided for in the policy for which a recovery was sought; and the assignments of error and propositions based thereon are sufficient to point out that error to this court on appeal and properly present same in appellant's brief. 3 Tex. Jur. § 567, p. 799; § 583, p. 846, and decisions there cited.

But apart from that question of pleading, the judgment awarding anticipatory damages cannot be sustained in the absence of a finding by the jury as a basis therefor. There is no finding of a present fixed and unconditional intention on the part of the defendant not to perform the contract in the future; nor was there any request from the plaintiff for submission of that issue. Furthermore, that was a disputed issue of fact, since the defendant introduced evidence tending directly and specifically to refute such a charge, and no evidence was offered by plaintiff to support it, save and except the defendant's denial of liability when demand was made for payment, and refusal to pay.

The allegations in plaintiff's petition of proofs furnished to the defendant of plaintiff's injury and her disability resulting therefrom were not subject to the exception addressed thereto as being mere legal conclusions. Nor did the trial court err in overruling the special exception to the allegations in plaintiff's petition of her life expectancy and good health except for her injuries,' since we believe that those were facts which could be properly considered in the determination of future damages sought to be recovered.

For the error pointed out, the judgment of the trial court is reversed, and the cause is remanded.