## NEEDHAM v. AMERICAN NAT. INS. CO.
### No. 3106.

Court of Civil Appeals of Texas. El Paso.

Feb. 7, 1935.

Rehearing Denied Feb. 21, 1935.

B. Ray Smith, of Dallas, for appellant.

C. J. Shaeffer and W. B. Handley, both of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by the appellant Needham against the appellee. A general demurrer to the petition was sustained and the suit dismissed.

Omitting matters irrelevant to the question presented, the petition discloses the following: On April 7, 1924, in consideration of $8.20 paid by plaintiff, and like sums to be paid quarterly, the defendant issued to plaintiff a policy insuring him against death and total and permanent disability, agreeing in the event of such disability to pay plaintiff $10 per month from the date of such disability and to also waive the further payment of premiums during such disability.

On April 29, 1930, plaintiff was accidentally injured which injury immediately, totally, and permanently disabled him. Prior to such disability, all premiums had been paid. Proof of such disability was furnished and defendant paid the sum of $10 per month to plaintiff until April 21, 1933, and from said date has failed and refused to make any further payments.

On June 14, 1933, defendant wrote plaintiff as follows:

"We are advised by our Claim Department that after giving proofs recently submitted by you due consideration the Company de-

nies further liability under your policy #123770 on account of your claim for disability benefits.

"Your policy has been restored to the premium paying basis and the responsibility will devolve upon you of taking care of premium payments in accordance with the terms of the policy.

"Plaintiff would further allege and show to the court that defendant did not only by its aforesaid and afore set out written communication dated June 14, 1933, deny its liability under the total and permanent provision of the aforesaid policy or contract of insurance and refused to pay this plaintiff any additional amount due thereunder, but did verbally thereafter on or about the 15th day of July, 1933, through its duly authorized and empowered agent, servant and employee, one .——— Barbazon, refuse to pay this plaintiff the said compensation and/or benefits due under aforesaid policy or contract of insurance, and did deny any further and/or further liability under said total and permanent disability clause; that said agent, Barbazon, did verbally on occasions subsequent thereto deny for and in behalf of defendant its liability as aforesaid. * * *

"That by reason and on account of defendant, the American National Insurance Company, having denied all its liability in and under said policy or contract of insurance as aforesaid and as aforeset out, and having failed and refused to adhere to, and comply with, the terms of said contract, or any part or portion thereof, but in all things wholly and completely repudiated and breached each and all of the terms of the said contract of insurance this plaintiff is entitled to, and here and now does bring this one action to mature the entire contract as regards the total and permanent benefit feature on the ground of breach thereof and is therefore entitled to recover herein in this one proceeding by reason of such breach his entire damages. * * *"

The plaintiff sought to recover the present value of the monthly payments based upon his life expectancy of twenty-nine years under the doctrine of an anticipatory breach by defendant of its contract to pay the sum of $10 per month under the total and permanent disability provisions of the contract.

The only question at issue is the sufficiency of the petition as against a general demurrer to state a cause of action under the doctrine stated.

■ The letter quoted is insufficient to show an anticipatory breach of the contract to pay the monthly installments under the total and permanent disability provisions of the contract. The letter itself negatives any inference of an unconditional intention to repudiate its obligations under such provisions by that portion thereof which informs Needham that the policy had been restored to the premium paying basis and the responsibility will devolve upon him of taking care of premium payments in accordance with the terms of the policy. The letter in effect is simply a denial of the validity of the present claim of total and permanent disability and liability of defendant under such claim. An insurer against total and permanent disability cannot justly be regarded as guilty of an anticipatory breach of the promise to pay monthly benefits for total and permanent disability because such insurer denies the fact that total and permanent disability exists as claimed by the insured. American Nat. Ins. Co. v. Briggs (Tex. Civ. App.) 70 S.W.(2d) 491.

■ But a different question is presented by the other allegations of the petition, the truth of which was admitted by the demurrer.

Pollack v. Pollack (Tex. Com. App.) 39 S. W.(2d) 853, 855, Id. (Tex. Com. App.) 46 S. W.(2d) 292, was a suit by Charles Pollack against Henry Pollack upon a contract whereby the latter agreed to pay the former $5,000 per year in monthly installments for the period of Charles Pollack's life. In sustaining a recovery by Charles Pollack under the doctrine of an anticipatory breach of the contract by Henry Pollack, Judge Critz said:

"The verdict of the jury establishes the fact that Henry had no legal excuse for failing to meet the monthly payment provided in the contract, and no legal excuse for his repudiation of the contract. Furthermore we think that, in the absence of any jury finding, the evidence absolutely establishes the fact that Henry has failed to meet the payments due under the contract without legal excuse, and that he, without just cause, has repudiated his obligation to carry out the contract as written. * * *

"In this connection we hold that Henry, having not only failed and refused to meet the monthly payments due on the contract, but, on the other hand, having absolutely repudiated the obligation, all without just excuse, has breached the contract, and therefore Charles is entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been per-

formed, and he is not compelled to resort to repeated suits to recover the monthly payments."

Under the facts alleged, defendant has no legal or just excuse for its failure and refusal to pay the sum of $10 per month to plaintiff as agreed.

Defendant has denied "any further and/or future liability under said total and permanent disability clause." Defendant has "failed and refused to adhere to, and comply with, the terms of said contract, or any part or portion thereof, but in all things wholly and completely repudiated and breached each and all of the terms of the said contract of insurance this plaintiff is entitled to."

These allegations, in our opinion, under the ruling in the Pollack Case, are sufficient to state a cause of action as for an anticipatory breach of the contractual obligation relative to total and permanent disability. Sanders .v. Universal L. & A. Ins. Co. (Tex. Civ. App.) 74 S.W.(2d) 301.

Appellee cites American Bankers' Ins. Co. v. Moore (Tex. Civ. App.) 73 S.W.(2d) 620. That case is not regarded in point as it involved the sufficiency of a petition against which a special exception was leveled. The sufficiency of the present pleading is raised by general demurrer. As against such demurrer, we regard the petition as sufficient.

Reversed and remanded.