## GREEN v. FRANKLIN DRESS CO., Inc.
### No. 3897.

Court of Civil Appeals of Texas. El Paso.
Feb. 8, 1940.

Rehearing Denied Feb. 29, 1940.

Wilchar & Wilchar, of El Paso, for appellant.

Marvin E. Whittington, Loomis & Kirkland, and Del W. Harrington, all of El Paso, for appellee.

WALTHALL, Justice.

The parties will be designated, respectively, as plaintiff and defendant, as in the trial court.

On October 5, 1938, plaintiff, Franklin Dress Company, a corporation of Chicago, Illinois, filed this suit on a verified account for goods, wares and merchandise consisting of ladies ready-to-wear garments ordered by Davis Green, defendant, sometime in June, 1938. The amount alleged to be due and unpaid was the sum of $642.86. The defendant denied owing the plaintiff anything and filed a sworn denial to said account, and in addition thereto filed a cross-action against the plaintiff in which he alleged in substance that he was engaged in the mercantile business and handled exclusive models of women's suits, and as such had built up a reputation for handling exclusive models; that defendant ordered the goods from plaintiff and that a part of the contract was that the models so ordered were to be .exclusive; that defendant discovered that the plaintiff had violated this agreement, in that plaintiff had furnished like models to other merchants in the City of El Paso that defendant had purchased exclusively, thereby violating the contract. The defendant sent the plaintiff a check in full for the merchandise that he had used up to the time of the discovery of the breach and returned the remainder. He alleged that his reputation as a handler of women's exclusive models of merchandise had been damaged and alleged his damages in the sum of $900. Plaintiff answered this cross-action by special exceptions, general exception and general denial.

The case was tried to the court without the intervention of a jury and judgment was rendered on the 3rd day of March, 1939, in favor of the plaintiff for the full amount sued for, $642.86, to which judgment the defendant in open court excepted and gave notice of and perfected this appeal.

Plaintiff shipped the identical goods to defendant as ordered, part of which defendant received and accepted and refused to accept

**132**

the balance. Defendant's refusal to accept the balance of the goods was based on his contention that plaintiff had violated or breached the contract and had sold to merchants in El Paso like models of the goods exclusively sold to him. Defendant made no complaint as to the quality of the goods, the models, styles, sizes or character of the goods received or shipped to him. He pleaded by cross-action his damages to his reputation as a merchant handling exclusive models in El Paso by reason of other merchants having for sale the same models of women's ready-to-wear merchandise.

Plaintiff did not cash the check sent by defendant for the goods received and accepted; and sued defendant for the full contract price of the goods shipped to him.

Defendant submits that on receipt of notice of his refusal to accept further shipment of goods, it was plaintiff's duty to mitigate the damages, if any, plaintiff might suffer, and that in the absence of such proof no judgment should have been rendered for plaintiff.

■ At the time defendant gave notice of his repudiation of the contract, the contract was not wholly performed. All that was required to be done at that time was the delivery of some of the goods called for by the contract. Under such circumstances, plaintiff had two remedies: he could have accepted the repudiation and sued for damages on the breach; or he could elect to consider the contract still in force, sue on the contract and hold defendant responsible for his non-performance. This plaintiff did.

■ We think the case of Texas Seed & Floral Co. v. Chicago Set & Seed Co., Tex.Civ.App., 187 S.W. 747, writ of error refused, and the cases referred to, directly in point. In that case it is held that one party to the contract cannot by himself rescind a contract. The renunciation itself does not amount to a rescission. Greenwall v. Markowitz, 97 Tex. 479, 79 S.W. 1069, 65 L.R.A. 302; Kilgore v. Northwest Texas B. Soc., 90 Tex. 139, 37 S.W. 598.

■ Based on the theory that the contract was ended by defendant's notice to plaintiff and that plaintiff's suit was on a breach of the contract, and also on the assumption that plaintiff had breached the contract, defendant submits propositions which we think are not pertinent to the case made by the pleadings and on facts contrary to those necessarily found by the trial court and upon which the judgment was rendered. Plaintiff's suit was upon the contract and not upon a breach of it. It is true that if plaintiff had not performed its part of the contract, it had no cause of action; but the court did not so find, but found to the contrary. The question would then seem to be whether the judgment has support in the evidence.

■ The evidence on the one specific issue of fact seems to be whether or not one of the model dress numbers, 1039, included in the contract with defendant, was in the Myron Shop, El Paso, Texas, on or about July 15, 1938, or shortly thereafter, the Myron Shop then being under the management and control of Alfred A. Ratner for the Frank Rubenstein Corporation, as testified to by the witness Mrs. Green.

If we have sufficiently or correctly stated the fact at issue, the evidence, which we have read and carefully considered, is sufficient to justify and sustain the trial court's judgment in favor of the plaintiff. The costume suits go by numbers. The costume suit style as indicated by number 1039 was ordered by Franklin's on October 7, 1938, after defendant had cancelled his contract in July, 1938.

■ We think under the evidence the court was not in error in admitting in evidence the invoices three, four, five, six and seven of the goods ordered by the defendant and attached to the petition. The evidence shows that the numbers on the invoices were the goods sold to defendant.

We have found no reversible error, and the case is affirmed.