J. Alex McKENZIE et al., Appellants,

v.

Jack A. FARR, Appellee.

No. 7823.

Court of Civil Appeals of Texas, Beaumont.

Sept. 23, 1976.

Rehearing Denied Oct. 21, 1976.

Fred Much, Joe H. Reynolds, Emory T. Carl, Houston, for appellants.

Julius Glickman, William Pannill, Houston, for appellee.

KEITH, Justice.

We are called upon to write another chapter in the history of one of the oldest civil disputes it has been our misfortune to encounter in recent years. This suit has as its genesis a dispute which erupted in 1958 when the plaintiff Farr was removed as president and manager of a drive-in movie in Houston. In January 1960, a special meeting of the directors of the corporation was held to try and resolve Farr's claims of mismanagement, breach of fiduciary obligation, and violation of the antitrust laws. According to Farr, he was given options to purchase either the assets of the corporation or the capital stock of the control group. He filed his original suit in May, 1960, seeking specific performance of his option contracts or, in the alternative, damages aggregating nearly a half million dollars.

In one of the earlier appeals, *Farr v. McKinzie,* 477 S.W.2d 672 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), the court recounted some of the background of the dispute between the parties and specifically pointed up the problem which we encounter in this appeal: the dispute between the parties as to the legal effect of the settlement agreement initialed by the parties on May 26, 1971, which was merged into the judgment of June 17, 1971.

Three years after the reversal of the 1971 judgment in the cited case, plaintiff amended his pleadings so as to sue upon the settlement agreement alleging, in substance, that while he was willing to perform thereunder, the defendants had repudiated the agreement by persuading the trial court to enter the 1971 judgment in violation thereof; thus, plaintiff claimed that the act of the defendants in persuading the trial judge to enter the judgment in 1971 amounted, in law, to an anticipatory breach of the settlement agreement. He claimed that he was justified, in view of this "breach" by the defendants, in abandoning all efforts to sell the real estate belonging to the corporation and that he actually took his signs down from the property within about ten days after the entry of the judgment in 1971. He sought and recovered, in the trial, damages for the breach of such settlement agreement. The defendants have perfected their appeals and we have several appellate briefs; but, in view of our disposition of the appeal, it will not be necessary to discuss each of the points of error presented by the several defendants.

The holding of the Fourteenth Court in the prior appeal, although lengthy, has two pertinent elements which are of interest in this appeal:

(a) "Being persuaded that the case of *Burnaman v. Heaton,* supra [150 Tex. 333, 240 S.W.2d 288 (1951)], and similar cases required a party's consent to the entry of an agreed or consent judgment at the very moment the trial court undertakes to make the agreement the judgment of the court, and that such consent was lacking in this case, we accordingly reverse the judgment of the trial court and remand the case for a new trial." 477 S.W.2d at 677–678.

(b) "We do not pass upon the effect of the agreement or memorandum of settlement made by the parties in writing." 477 S.W.2d at 678.

Thus, under the rationale of the law of the case, while we are precluded from reexamining the validity of the judgment

entered in 1971, there are no restrictions upon our consideration of "the effect of the agreement or memorandum of settlement made by the parties in writing" which was merged into the judgment of 1971. For a discussion of the doctrine of the law of the case, see the authorities cited in *Lebow v. Weiner,* 454 S.W.2d 869, 876 (Tex.Civ.App. —Beaumont 1970, writ ref'd n.r.e.).

■ Among appellants' points of error is one urging that the "Trial Court erred in failing to sustain [appellants'] motion for Instructed Verdict and their Motion for Judgment notwithstanding the verdict, and in failing to grant New Trial because entry of the judgment of June 17, 1971, as a matter of law, could not constitute a breach of contract or any other character of actionable wrong by Defendants." We agree.

The record conclusively shows that at all times, before and after the entry of the judgment in 1971, the defendants made known their willingness to perform under the settlement agreement. Indeed, the agreement was made a part of the 1971 judgment as an exhibit. Plaintiff did not announce his claim of anticipatory breach until he filed his sixth amended original petition *more than three years* after the reversal of the earlier judgment. In the meanwhile, he had been pursuing vigorously his original contentions advanced at the beginning of the litigation a decade earlier.

Plaintiff has not brought to us the authorities supporting his major premise in this litigation: that an uncommunicated unilateral subjective determination by one party to a contract that the other has committed an anticipatory breach thereof authorizes a recovery. Particularly, plaintiff is deficient in authority supporting the implied contention of his unilateral determination that his concept of the rights and obligations of the parties under the settlement agreement was the *only* correct determination thereof. Because, once having made such a determination in his own mind—and it was made according to plaintiff about ten days after the *entry* of the 1971 judgment—he pulled up stakes, quit trying to sell the property, and completely abandoned all efforts to *perform under the agreement.* He made no effort to perform his end of the bargain; he did nothing toward selling the property or minimizing his damages.

Against this background, it must be remembered that it was only the action of the defendants and their counsel in securing the entry of the 1971 judgment which, according to plaintiff, constituted the anticipatory breach of the settlement agreement. The falsity of plaintiff's position is apparent when we remember that a judgment, regardless of the activities of the parties in the selection of the language appearing therein, is always the court's judgment. In *Dikeman v. Snell,* 490 S.W.2d 183, 185–186 (Tex.1973), the rule was stated in these words:

"A judgment is usually prepared by the attorney for the successful party, as was done here. Rule 305. When rendered in writing and thus signed and entered it becomes the judgment of the court. Recitations or provisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court. *Finlay v. Jones,* 435 S.W.2d 136 (Tex.1968)."

The law of Texas relating to anticipatory breach of contract is clear. It was stated by Judge Brown in *Kilgore v. Northwest Texas Baptist Educational Soc.,* 90 Tex. 139, 37 S.W. 598, 600 (1896):

"The intention to abandon the contract at some future date is no breach of it; but, when that intention is declared in positive terms and unconditionally, it has the effect . . . to repudiate the contract itself, and to terminate the contractual relations between the parties. . . . But, to have this effect, the declaration of an intention not to perform the contract in the future must be unconditional in its terms."

Judge Greenwood, speaking for the court in *Moore v. Jenkins,* 109 Tex. 461, 211 S.W. 975, 976 (1919), quoted this language from *Kilgore,* supra, with approval. Then, Judge Critz in the landmark opinion of *Pollack v.*

*Pollack,* 39 S.W.2d 853, 857 (Tex.Comm'n App.1931, holdings approved), rehearing denied, 46 S.W.2d 292 (1932), quoted from both of the earlier opinions mentioned herein.

It is clear, therefore, that before there can be an anticipatory breach of a contract, "the declaration of an intention not to perform the contract in the future must be unconditional in its terms. . . 'It must be a distinct and unequivocal absolute refusal to perform the promise . . . .' " * We do not find even a scintilla of evidence in the voluminous record which would even tend to support an inference that the defendants ever at any time made a declaration which was " 'a distinct and unequivocal absolute refusal to perform the promise.' "

The rules distilled from the earlier cases still prevail in this jurisdiction. See, e. g., *Preston v. Love,* 240 S.W.2d 486, 487 (Tex. Civ.App.—Austin 1951, no writ), where the court used this language:

> "To constitute an anticipatory breach of contract the declaration of intent to abandon must be in positive and unconditional terms. *Kilgore v. Northwest Texas Baptist Educational Soc.,* 90 Tex. 139, 37 S.W. 598. It is not sufficient that refusal to perform be based upon a genuine mistake or misunderstanding as to matters of fact or law. *Englehart v. Volunteer State Life Ins. Co.,* Tex.Civ. App., 195 S.W.2d 798 (Eastland CCA. Writ Ref. N.R.E.)."

In the very recent case of *Ennis Business Forms, Inc. v. Gehrig,* 534 S.W.2d 183, 189 (Tex.Civ.App.—Waco 1976, writ ref'd n.r. e.), the authorities were reviewed in detail:

> "The doctrine of anticipatory breach is applicable only where there is an *unequivocal* renunciation of the contract by the defaulting party. *Universal Life & Accident Ins. Co. v. Sanders,* 129 Tex. 344, 102 S.W.2d 405, 406 (Tex.Com.App.,

opinion adopted, 1937); *Pollack v. Pollack,* 39 S.W.2d 853, 855 (Tex.Com.App., holdings approved, 1932); *Ulen Securities Co. v. City of El Paso,* 59 S.W.2d 198, 199 (Tex.Civ.App.—El Paso, 1933, writ ref.). The party not in default will be justified in treating the contract as repudiated or abandoned *only* where the other party to the agreement, by his conduct or misconduct, *clearly shows a fixed intention during nonperformance to repudiate the agreement* and not to comply with its terms in the future. *Kilgore v. Northwest Texas Baptist Educational Ass'n,* 90 Tex. 139, 37 S.W. 598 (1896) . . . . Accordingly, it is the rule that refusal by one party to perform an independent provision of a divisible contract is not such renunciation or abandonment as will support an action under the principles of anticipatory breach of the whole agreement." (emphasis supplied, some citations omitted)

Being of the opinion that plaintiff may not prevail upon the theory of anticipatory breach, we sustain the point of error quoted earlier. Thus, we do not find it necessary to discuss the other points of error in the several appellate briefs and express no opinion as to merit or lack thereof. Since the case appears to have been fully developed, we now reverse the judgment and render the judgment which the trial court should have rendered: that the plaintiff take nothing by reason of his suit and that the defendants go hence without day and recover their costs.

REVERSED and RENDERED.

STEPHENSON, J., not participating.

---

\* See *Kilgore,* supra (37 S.W. at 600), quoting from *U. S. v. Smoot,* 15 U.S. 36, 15 Wall. 36, 21 L.Ed. 107, 111 (1872), which, in turn, quoted

*Benjamin, Sales, § 568.* The rule was restated, along with the various citations supporting the rule in *Pollack,* supra (39 S.W.2d at 857).