URBAN TELEVISION NETWORK
CORPORATION, Appellant

v.

Creditor LIQUIDITY SOLUTIONS,
L.P., Appellee.

No. 05–07–01629–CV.

Court of Appeals of Texas,
Dallas.

Feb. 6, 2009.

Kevin S. Wiley, Jr., Law Offices of Kevin S. Wiley, Jr., Dallas, TX, for Appellant.

Todd Alan Hoodenpyle, Singer & Levick, P.C., Addison, TX, for Appellee.

Before Justices BRIDGES, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Urban Television Network Corporation appeals the summary judgment rendered against it in the breach of contract suit brought by Westar Satellite Services, L.P. Westar subsequently transferred its interest in the judgment to Creditor Liquidity Solutions, L.P. Appellant brings one issue, asserting the trial court erred in granting Westar's motion for summary judgment on the liquidated damages provision of the contract because that provision was an unenforceable penalty. We affirm the trial court's judgment.

In 2005, appellant and Westar entered into a five-year Master Services Agreement in which appellant promised to pay Westar $8800 each month and Westar promised to provide appellant satellite uplink services for local television programming and distribution. Paragraph 7 of the agreement contained a liquidated damages provision:

> 7. Early Termination Liability. In the event that Customer [appellant] terminates Service prior to the expiration of the Term specified on the appropriate Service Agreement or other request for Service other than for cause, or in the event that Company [Westar] terminates this Agreement as a result of Customer's failure to abide by the terms and conditions herein, Customer shall pay a termination charge equal to 100% of the monthly charges multiplied by the number of months remaining on the Term of the Service Agreement or any additional requests for Service, as applicable.

In 2007, appellant defaulted on its obligations under the agreement. Westar terminated the agreement and sued appellant for breach of contract seeking an award of damages under paragraph 7. In response to Westar's motion for summary judgment, appellant admitted it defaulted on the agreement, but it asserted that paragraph 7 was an unenforceable penalty. The trial court granted Westar's motion for summary judgment and awarded Westar damages pursuant to paragraph 7.[1]

To prevail on a summary judgment motion brought under Texas Rule of Civil Procedure 166a(c), a movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex.2004). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact in order to defeat summary judgment. *Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 798 (Tex.App.-Dallas 2008, no pet.). A plaintiff who establishes entitlement to judgment as a matter of law on its cause of action will not be prevented from obtaining summary judgment merely because the defendant has asserted an affirmative defense. *Wilson v. Gen. Motors Acceptance Corp.*, 897 S.W.2d 818, 823 (Tex.App.-Houston [1st Dist.] 1994, no writ). An affirmative defense will prevent summary judgment only if each element of the defense is raised by evidence that would be admissible at trial. *Id.* (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984)).

1. Besides its default on the Master Services Agreement, appellant also defaulted on a promissory note payable to Westar. Westar sued for breach of the promissory note as well breach of the agreement, and Westar sought foreclosure of its security interest in appellant's property. The trial court granted Westar's motion for summary judgment on the breach of the note and foreclosure of the collateral. Appellant's issue and argument on appeal do not assert error in the rendition of judgment on those claims.

We review the trial court's granting of a motion for summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n,* 253 S.W.3d 184, 192 (Tex.2007); *Teter,* 261 S.W.3d at 799. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

■ An assertion that a liquidated damages provision is a penalty is an affirmative defense that the defendant has the burden of pleading and proving. *Murphy v. Cintas Corp.,* 923 S.W.2d 663, 665–66 (Tex.App.-Tyler 1996, writ denied); *see* TEX.R. CIV. P. 94; *see also Fluid Concepts, Inc. v. DA Apartments Ltd. P'ship,* 159 S.W.3d 226, 231 (Tex.App.-Dallas 2005, no pet.). Thus, to avoid summary judgment, appellant had to present some evidence showing the liquidated damages provision was a penalty. *See Wilson,* 897 S.W.2d at 823; *see also Fluid Concepts, Inc.,* 159 S.W.3d at 231.

■ A liquidated damages provision is enforceable and is not a penalty when the damages are uncertain and the stipulated damages are reasonable. *Phillips v. Phillips,* 820 S.W.2d 785, 788 (Tex.1991) (quoting *Stewart v. Basey,* 150 Tex. 666, 669, 245 S.W.2d 484, 486 (1952)). Appellant argues the trial court erred in granting summary judgment because Westar presented no evidence showing the damages were uncertain or that the stipulated damages were reasonable. Appellant, not Westar, had the burden of presenting evidence that the liquidated damages provision was a penalty, and appellant presented no evidence showing the damages were not uncertain or that the stipulated damages were unreasonable. *See Murphy,* 923 S.W.2d at 665–66.

■ Appellant also argues the liquidated damages provision is a penalty on its face because, appellant asserts, it "applies to breach of any covenant of the agreement, and not merely to payment provisions." Appellant cites *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834 (Tex.Civ. App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.), which stated that a liquidated damages provision is a penalty as a matter of law when "it applied equally to any breach of any provision of the contract by appellee irrespective of the importance or triviality of such breach." *Id.* at 837. The court observed that "[u]nder the liquidated damage clause as written, appellant would be entitled to the full amount of monthly payments for the full term of the contract irrespective of the nature of the breach or appellant's actual loss or damage." *Id.*

We disagree, however, with appellant's assertion that the liquidated damages provision applied to any breach of the agreement, no matter how trivial. Paragraph 7 permits Westar to recover the liquidated damages when Westar terminates the agreement for appellant's failure to abide by the terms of the agreement. Paragraphs 13 and 14 define the types of defaults for which Westar could terminate the agreement. Paragraph 13 authorizes termination when appellant fails to make full and timely payments under the agreement. Paragraph 14 authorizes termination for an "Other Default," that is, a default other that a failure to pay the amounts due. However, Paragraph 14 defines "Other Default" as occurring when "either party fails to perform or observe any *material* term or obligation...." (Emphasis added.) This requirement of breach of a "material term or obligation" before termination may occur distinguishes this agreement from the contract in *Bethel.*

Appellant has not established that the liquidated damages provision is unenforceable on its face or presented evidence raising a genuine issue of material fact as to its enforceability. We overrule appellant's issue on appeal.

We affirm the trial court's judgment.