# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00063-CV

**Data Foundry, Inc., Appellant**

**v.**

**Silicon Integration Initiative, Inc., Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-06-002691, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a contract dispute involving the enforceability of a liquidated damages provision. Appellant Data Foundry, Inc. and appellee Silicon Integration Initiative, Inc. ("Si2") entered into written contracts under which Data Foundry was to provide certain internet-related services and Si2 was to pay a monthly fee. The contractual relationship was for an initial 36-month term with renewal provisions providing for an additional 36-month term unless either party took certain steps to terminate. At the end of the initial 36-month term a dispute arose regarding the renewal of the contracts. Si2 sued seeking a declaration that the contracts were terminated. Data Foundry counterclaimed for breach of contract and sought recovery of amounts reflected in liquidated damages provisions in both contracts. The case was tried to the bench, and the county court at law entered a take nothing judgment as to both parties. We affirm the judgment of the trial court.

*Factual and Procedural Background*

On March 26 and April 29, 2003, Data Foundry and Si2 entered into written contracts under which Data Foundry would provide certain internet-related services in exchange for a monthly fee. The initial term of each contract was 36 months. In addition, the contracts provided for an "automatic renewal" for an additional 36-month period unless Si2 gave Data Foundry written notice of termination at least 90 days prior to the end of the term. In the event that Si2 terminated the contracts at any other time, the contracts provided for a "contract termination fee" payable to Data Foundry equal to "the remainder of the balance of the contract term, at the contracted rates."

Si2 obtained from a competitor of Data Foundry a quoted rate significantly lower than the existing contractual monthly fee. As a result, on February 22, 2006, Si2 gave Data Foundry written notice of its intention not to renew the contracts unless price adjustments were made. Data Foundry responded that the contracts had already renewed automatically for an additional 36-month period at the existing contractual rate. Si2 disagreed[1] and, after making the final payment applicable to the initial 36-month term, gave Data Foundry notice of termination of the contracts and obtained services from a different internet service provider. Data Foundry sent Si2 invoices for the total amounts due for a full additional 36-month term based on the contract provisions relating to the "contract termination fee." Si2 declined to pay the invoices.

On April 25, 2006, Si2 filed suit against Data Foundry seeking a declaration that the "contract termination fee" provisions constitute a void and unenforceable liquidated damages

---

[1] Si2 alleged that it had provided written notice of termination in 2004. However, the county court at law entered a finding of fact that Si2 did not send Data Foundry any notice sufficient to prevent the automatic renewal of the contracts, and Si2 does not challenge this finding on appeal.

provision.[2] Data Foundry appeared, filed a variety of defenses, and asserted a counterclaim for breach of contract. Data Foundry sought damages in the form of the contract termination fee for both contracts as well as attorneys' fees. Si2 answered the counterclaim with a general denial and pleaded as an affirmative defense that the contract termination fee provisions are a penalty and, therefore, void. *See Urban Television Network Corp. v. Creditor Liquidity Solutions, L.P.*, 277 S.W.3d 917, 919 (Tex. App.—Dallas 2009, no pet.) ("An assertion that a liquidated damages provision is a penalty is an affirmative defense that the defendant has the burden of pleading and proving."). Following a bench trial, on November 10, 2008, the county court at law entered a take nothing judgment as to both parties. Data Foundry appeals.

## *Liquidated Damages*

In its first point on appeal, Data Foundry challenges the trial court's conclusion that the contract termination fees were void as a penalty. Whether a liquidated damages provision is an enforceable contractual provision or an unenforceable penalty is a question of law. *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991). However, factual issues may need to be resolved before the legal question can be decided. *See id.*

Data Foundry challenges the legal and factual sufficiency of the evidence to support the trial court's legal conclusion.[3] For a legal sufficiency challenge, we review the evidence in the

---

[2] Si2 also asserted a claim against Data Foundry under the Texas Deceptive Trade Practices Act. The county court at law granted Data Foundry's motion for directed verdict on Si2's DTPA claim after Si2 rested its case, and Si2 has not challenged the directed verdict on appeal.

[3] Data Foundry asserts that the liquidated damages provisions in this case do not constitute a penalty on their face. *See Urban Television Network Corp. v. Creditor Liquidity Solutions, L.P.*, 277 S.W.3d 917, 919 (Tex. App.—Dallas 2009, no pet.). Even if Data Foundry is correct, however, Si2 was still entitled to plead and prove that the provisions were a penalty. *See id.* at 919-20.

light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain Data Foundry's legal sufficiency complaint if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

For a factual sufficiency challenge, we must consider and weigh all the evidence in the record, both supporting and against the finding, to decide whether the finding should be set aside. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing Data Foundry's factual sufficiency challenge, we will set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*; *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

To find a liquidated damages provision enforceable, a court must find that (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages called for is a reasonable forecast of just compensation. *Phillips*, 820 S.W.2d at 788 (quoting *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 592 S.W.2d 340, 342 n.2 (Tex. 1979)). The difficulty of estimation of harm must have existed at the time the contract was executed. *See Murphy v. Cintas Corp.*, 923 S.W.2d 663, 666 (Tex. App.—Tyler 1996, writ denied).

4

It is undisputed that the total fees to be paid by Si2 under the contracts for a second 36-month term were capable of calculation. As for expenses that were or would have been incurred by Data Foundry during such term, Si2's expert witness James Pumphret, a certified public accountant, testified that it would not be difficult for Data Foundry to calculate the cost of providing services to Si2's account. According to Pumphret, to the extent Data Foundry could not trace the direct costs attributable to Si2's account, costs could be allocated by dividing Data Foundry's total costs of providing similar services by the actual or average number of such services. As for expenses Data Foundry incurred as a result of Si2's termination of the contracts, Pumphret identified one expense—a 30-day payment for cancellation of Data Foundry's use of a "T-1 line" owned by Time Warner Cable.

In response, Data Foundry did not present evidence that the costs identified by Pumphret were incapable or difficult of estimation.[4] Instead, Data Foundry representatives provided testimony to the effect that such costs were not relevant to Data Foundry's damages, and that the relevant cost was solely the unpaid monthly fees under the contract for the second 36-month term. James Weinstein, an employee of Data Foundry, testified that the calculations contemplated by Pumphret were not relevant because most of Data Foundry's costs were fixed and not attributable to specific customers such as Si2. This is not evidence that whatever costs *were* attributable to Si2 were, in fact, incapable or difficult to estimate. Thus, this does not appear to be a case in which

---

[4] When asked whether it was possible to determine cost on a per customer basis, Jonah Yokubaitis, Data Foundry's former chief executive officer, testified that he did not know.

"battling experts" would be required to determine the actual amount of lost profits. *See BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 767 & n.2 (Tex. 2005).

To the extent the costs to Data Foundry that were identified by Pumphret are relevant, there is sufficient evidence that they would not have been viewed as difficult to estimate at the time the contracts were executed.[5] There is also sufficient evidence that there were no costs to Data Foundry applicable to the termination of its contracts with Si2 other than, potentially, those referenced by Pumphlet. Therefore, we conclude that the evidence is legally and factually sufficient to support a conclusion that whatever harm may have been caused by Si2's termination of the contracts—even if a breach of the contracts—was not incapable or difficult of estimation. The county court at law did not err in finding that the "contract termination fee" provision in the contracts at issue is an unenforceable penalty.

***Expectancy Damages***

In its second point on appeal, Data Foundry asserts that it established as a matter of law that it was entitled to recover—independent of the liquidated damages provisions in the contracts—the contractual rate for 36 months of service because of Si2's failure to terminate the contracts prior to their renewal for an additional 36-month term. The county court at law found

---

[5] Data Foundry suggests that, at the time of contract formation, the parties could not have predicted the number of customers or the total cost of service at the time of breach. However, in the event that damages can be properly and easily calculated via a known equation, we do not understand the *Phillips* test to require the parties to know at the time of contract formation the precise figures to enter into that equation when such figures are known to be discernible in the event of breach.

that Data Foundry did not suffer any recoverable loss from Si2's termination of the contracts.

Data Foundry had the burden of proof on its breach of contract claim.

> A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. First, the record must be examined for evidence that supports the jury's finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, then, the entire record must be examined to see if the contrary proposition is established as a matter of law.

*Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

Data Foundry contends that the contractual rate is, as a matter of law, the proper calculation of its expectancy damages. However, to show its damages at trial, Data Foundry relied solely on the contract termination fee set out in the contracts. The contract termination fee, having been found to be an unenforceable penalty, is not a component of Data Foundry's expectancy interest. *See Mayfield v. Hicks*, 575 S.W.2d 571, 575-76 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.). A party's expectancy damages are the anticipated receipts and losses caused by the breach less any cost or other loss he has avoided by not having to perform. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.); *Lafarge Corp. v. Wolff*, 977 S.W.2d 181, 187 (Tex. App.—Austin 1998, pet. denied). Data Foundry offered no evidence of its anticipated receipts or losses caused by Si2's breach of the contracts. Data Foundry also offered no evidence of any costs or losses avoided by its not having to perform under the contracts throughout the second 36-month term. Therefore, the county court at law did not err in finding that Data Foundry did not suffer any recoverable loss from Si2's termination of the contracts.

***Attorneys' Fees***

In its third point on appeal, Data Foundry argues that it is entitled to attorneys' fees because an award of attorneys' fees to a plaintiff recovering on a valid claim founded on a written contract is mandatory. *See Bair Chase Prop. Co. v. S & K Dev. Co.*, 260 S.W.3d 133, 145 (Tex. App.—Austin 2008, pet. denied). However, Data Foundry did not recover on its breach of contract claim, and we have overruled Data Foundry's points on appeal seeking to reverse the trial court's judgment on the claim. Consequently, we overrule Data Foundry's third point on appeal.

***Conclusion***

Having overruled Data Foundry's points on appeal, we affirm the judgment of the county court at law.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   June 11, 2010