**Opinion issued December 15, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00516-CV**

———————————

**ELENA MARKOVSKY, Appellant**

**V.**

**KIRBY TOWER, L.P., Appellee**

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Cause No. 2009-03458**

## MEMORANDUM OPINION

This is the second appeal in this lawsuit, which arose out of a contract in which appellant Elena Markovsky agreed to purchase a condominium from appellee Kirby Tower, L.P. In the first appeal, we affirmed a take-nothing

judgment against Markovsky, the plaintiff below, but reversed the award of earnest money to Kirby Tower because it had not asserted an affirmative claim for relief. *Markovsky v. Kirby Tower, LP*, No. 01-10-00738-CV, 2011 WL 5429014 (Tex. App.–Houston [1st Dist.] Nov. 10, 2011, pet. denied). On remand, the trial court granted Kirby Tower's motion for summary judgment, awarding Kirby Tower the $300,000 in earnest money that had been held in escrow since the parties entered into the contract. In this appeal, Markovsky challenges the summary judgment and the trial court's denial of her motion to enter judgment in her favor. We affirm.

## Background

Markovsky and Kirby Tower negotiated a contract for a high-rise condominium that required Markovsky to place in escrow $300,000 in earnest money, which was 10 percent of the agreed purchase price. The contract gave Markovsky the right to terminate the contract and receive a full refund of the $300,000 if Kirby Tower failed to complete the unit by May 31, 2008.

The condominium was not completed by May 31, 2008. Markovsky nevertheless continued to make changes to the unit plans, select unit upgrades, and specify cabinets and appliances to install in the unit before informing Kirby Tower, for the first time on November 5, 2008, that she wanted to terminate the contract and get a refund of her earnest money. When Kirby Tower did not agree,

2

Markovsky sued Kirby Tower for declaratory judgment and breach of contract. Kirby Tower asserted defenses, but sought no affirmative relief.

A jury found that Kirby Tower had breached the contract by not completing the condominium by May 31, 2008, but it also found that Markovsky waived this breach by continuing to proceed under the contract after that date. The trial court entered a take-nothing judgment against Markovsky and awarded Kirby Tower the earnest money plus accrued interest. Markovsky appealed, and we affirmed the take-nothing judgment, but reversed the trial court's award of the earnest money to Kirby Tower because it had not asserted an affirmative claim for relief.

On remand, Markovsky moved for entry of judgment, requesting a declaratory judgment awarding her the earnest money. The trial court denied the motion. Kirby Tower filed original counterclaims for breach of contract and declaratory judgment, requesting that the earnest money be awarded to it as liquidated damages, then moved for summary judgment on its counterclaims. In support of its motion for summary judgment, Kirby Tower submitted the contract, an affidavit of Andrew Osborne, the authorized representative of Kirby Tower's general partner, setting forth facts regarding Markovsky's termination of the contract, the trial court's judgment, and this Court's memorandum opinion affirming the take-nothing judgment.

3

Five days before the summary-judgment hearing, Markovsky filed a response to the motion for summary judgment, in which she argued that she had not waived the completion date provision in the contract and that the summary-judgment evidence raised a fact issue on her breach and on her affirmative defenses. She also argued that this Court's opinion did not prevent the trial court from entering a judgment in her favor awarding her the earnest money. The trial court granted Kirby Tower's summary-judgment motion as to both its counterclaims and entered a declaratory judgment "that Kirby Tower, L.P. is entitled to the $300,000 earnest money, together with accrued interest, deposited by Plaintiff/Counter-Defendant Elena Markovsky relating to Unit 27-I at 2727 Kirby, H[o]uston, Texas 77098."[1]

---

[1] The trial court's original summary-judgment order did not contain a Mother Hubbard clause and did not indicate whether relief was granted based upon Kirby Tower's breach of contract claim, its declaratory judgment claim, or both. It also did not dispose of Kirby Tower's request for attorney's fees, and thus was not a final judgment. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001). We granted Markovsky's motion to abate the appeal to permit the trial court to render a final judgment. *See id.* (appellate court may abate appeal to permit trial court to render final judgment). The modified final judgment contains a Mother Hubbard clause, indicates that summary judgment is granted as to both of Kirby Tower's counterclaims, and awards Kirby Tower $5,000 in conditional appellate attorney's fees. Thus, the judgment is final and we have jurisdiction over this appeal. *See id.*

4

## Motion for Summary Judgment

In her first issue, Markovsky contends that the trial court erred in granting summary judgment.

## A. Standard of Review and Applicable Law

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). A party moving for a traditional summary judgment on its affirmative claims must conclusively prove all essential elements of its claim. *See Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999). If the movant conclusively establishes its

5

cause of action, the burden shifts to the nonmovant to respond to the summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000).

A party seeking summary judgment on its affirmative claims is not under any obligation to negate affirmative defenses. *Kirby Explor. Co. v. Mitchell Energy Corp.,* 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd). A party raising an affirmative defense to defeat a motion for summary judgment must either (1) present a disputed fact issue on the opposing party's failure to satisfy his own burden of proof or (2) establish at least the existence of a fact issue on each element of his affirmative defense by summary judgment proof. *"Moore" Burger, Inc. v. Phillips Petrol. Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972). An affirmative defense will preclude a summary judgment only if each element of the affirmative defense is supported by summary judgment evidence. *Kirby Explor.,* 701 S.W.2d at 926.

**B. Did Kirby Tower's summary-judgment evidence conclusively demonstrate that Markovsky breached the contract and that it was entitled to a declaratory judgment awarding it the earnest money?**

### 1. Breach of contract

The elements of a breach-of-contract action are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result

6

of the breach. *See Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A breach occurs when a party fails or refuses to do something she has promised to do. *See Townewest Homeowners Ass'n v. Warner Commc'n Inc.,* 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ).

"Repudiation or anticipatory breach is a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance." *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). To prove anticipatory breach, also called anticipatory repudiation, the plaintiff must show that the defendant repudiated the obligation without just excuse. *Taylor Pub. Co. v. Sys. Mktg., Inc.*, 686 S.W.2d 213, 217 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

### 2. Declaratory judgment

The purpose of the Declaratory Judgments Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2015). A declaratory judgment is appropriate only if a justiciable controversy exists, resolvable by the declaration sought, concerning the rights and status of the parties. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Russell v. Metro. Transit Auth. of Harris Cnty.*, 343 S.W.3d 825, 833 (Tex. App.—Houston [14th

7

Dist.] 2011, no pet.). There must be a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Id.*

### 3. Analysis

Here, Kirby Tower's summary judgment evidence included the signed contract between itself and Markovsky. The contract provided "[i]f [Markovsky] is in default, [Kirby Tower's] sole remedy shall be to terminate this Agreement in which event [Kirby Tower] will be entitled to retain the Earnest Money . . . ." The motion was also supported by this Court's memorandum opinion affirming the take-nothing judgment against Markovsky based on the jury's finding that she waived Kirby Tower's failure to comply with the completion date provision, and Osborne's affidavit, averring that Markovsky terminated the contract in November 2008, while the condominium was still under construction, and did not purchase the condominium, as she had agreed to do.[2] But the legal effect of Markovsky's waiver was to continue the contract, and thus, her termination of the contract constituted a breach. *See Henry v. Masson*, 333 S.W.3d 825, 841 (Tex. App.— Houston [1st Dist.] 2010, pet. denied) ("If the non-breaching party treats the contract as continuing after the breach, he is deprived of any excuse for terminating his own performance.") (citing *Long Trusts v. Griffin*, 222 S.W.3d 412, 415–16 (Tex. 2007) (per curiam)); *see also Hanks v. GAB Bus. Servs., Inc.*, 644

---

[2] Markovsky agrees that she terminated the contract in November 2008.

8

S.W.2d 707, 708 (Tex. 1982) ("A party who elects to treat a contract as continuing deprives himself of any excuse for ceasing performance on his own part.").

Consequently, Kirby Tower's summary-judgment evidence conclusively established the existence of a contract, Markovsky's breach of the contract, and the parties' agreement that Kirby Tower would be entitled to retain the $300,000 earnest money in the event of Markovsky's breach. Accordingly, Kirby Tower conclusively proved the essential elements of its breach of contract claim. *See Rhone–Poulenc, Inc.,* 997 S.W.2d at 223; *see also Barry v. Jackson*, 309 S.W.3d 135, 142 (Tex. App.—Austin 2010, no pet.) (holding sellers entitled to earnest money where buyer breached contract for the purchase of a home). Moreover, in proving the essential elements of its breach claim, Kirby Tower conclusively showed that it was entitled to a declaratory judgment that it, and not Markovsky, was entitled to the $300,000 in earnest money. *See Beadle*, 907 S.W.2d at 467.

**C. Did Markovsky raise a fact issue precluding summary judgment?**

Markovsky contends that she raised fact issues regarding breach and her affirmative defenses of compulsory counterclaim, limitations, and unenforceable penalty. We will address each of these contentions in turn.

### 1. No evidence of retraction of repudiation or cure

Markovsky argues that she raised a fact issue regarding breach because she adduced evidence demonstrating that she believed that she was legally entitled to

9

terminate the contract without penalty because Kirby Tower had not completed the condominium by the May 31, 2008 completion date. Markovsky relies on *Jenkins v. Jenkins*, 991 S.W.2d 440 (Tex. App.—Fort Worth 1999, pet. denied), a case involving an ex-husband's breach of his agreement to make alimony payments, in which the Fort Worth Court of Appeals wrote that "there is no repudiation if the refusal to perform is based upon a genuine mistake or misunderstanding as to matters of fact or law." *Id.* at 447 (citing *McKenzie v. Farr*, 541 S.W.2d 879, 882 (Tex. Civ. App.—Beaumont 1976, writ ref'd n.r.e.)).

Despite this reference to a mistake or misunderstanding, the ex-husband who breached the contract did not claim mistake or misunderstanding, nor did he escape liability for his breach. Instead, the Fort Worth Court of Appeals affirmed the trial court's award of alimony payments to the ex-wife's estate based on the evidence that the ex-husband had breached the agreement by failing to make alimony payments as promised. *Id.* at 448. Accordingly, despite its passing reference to a mistake or misunderstanding of law, *Jenkins* does not support Markovsky's contention that her mistaken belief about the contract's terms should allow her to escape liability for her uncured breach.

Nor does Markovsky's argument find support in *McKenzie v. Farr*, 541 S.W.2d 879 (Tex. Civ. App.—Beaumont 1976, writ ref'd n.r.e.), the case from which *Jenkins* derived the quote upon which Markovsky relies. In *McKenzie*, the

10

plaintiff sued the defendants for anticipatory breach of a settlement agreement, but the appellate court held that the record conclusively showed that the defendants "at all times . . . made known their willingness to perform under the settlement agreement," and therefore no anticipatory breach or repudiation occurred. *Id.* at 881. Unlike in *McKenzie,* Markovsky never retracted her repudiation or cured her breach by paying the contract price. The authorities simply do not support Markovsky's contention that she can escape liability for an uncured breach on the basis that the breach was based on a unilateral misunderstanding of the contract's terms. *See New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 212 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (noting that unilateral mistake not known or induced by other party will not constitute grounds for relief and that even *mutual* mistakes must not routinely be relied upon to avoid results of an unhappy bargain, because parties should be able to rely on finality of freely bargained agreements).

Here, Markovsky presented no evidence that she either retracted her repudiation or paid Kirby Tower the $3 million purchase price after learning that, contrary to her mistaken belief, payment actually was required by the contract's terms. Accordingly, there is no evidence to support Markovsky's claim that she did not repudiate the contract. *Cf. Englehart v. Volunteer State Life Ins.*, 195 S.W.2d 798, 802–03 (no repudiation where party offered to perform and tendered

11

payments due after learning that its failure to perform was based upon a genuine mistake and misunderstanding); *see also Jenkins*, 991 S.W.2d at 447 (repudiation "is conduct that shows a fixed intention to abandon, renounce, and refuse to perform the contract"). Consequently, Markovsky failed to raise a fact issue regarding breach. *See Jenkins*, 991 S.W.2d at 447; *Englehart*, 195 S.W.2d at 802–03.

### 2. Affirmative defenses

It is undisputed that Markovsky filed her answer asserting affirmative defenses less than seven days before the summary judgment hearing, without requesting leave of court. Kirby Tower argues that Markovsky thus waived her affirmative defenses. *See Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (party who files pleading asserting affirmative defenses within seven days of summary-judgment hearing must obtain leave of court); *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) (affirmative defenses waived if not pleaded).

We "will presume leave was granted 'when a summary judgment states that all pleadings were considered, and when . . . the record does not indicate that [a] pleading was not considered, and the opposing party does not show surprise.'" *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276

12

(Tex. 1996)). Markovsky argues that the trial court's summary-judgment order states that the trial court considered Kirby Tower's "Motion for Summary Judgment . . . any response, and any reply . . . ," and that we should therefore presume leave was granted, because her response addresses her affirmative defenses.

We disagree. It is not enough for the summary-judgment order to state that the trial court considered Markovsky's *response*; the order must affirmatively state or show that the trial court considered Markovsky's late-filed *pleading*—her answer—to support a presumption that leave to file the answer was granted.[3] *See Cont'l Airlines*, 920 S.W.2d at 276 (court presumes leave was granted "when a summary judgment states that all pleadings were considered"); *Prohold Ltd. v. Mitchell Energy & Dev. Corp.*, No. 01-00-01133-CV, 2002 WL 221527, at *4 n.2 (Tex. App.—Houston [1st Dist.] Feb. 14, 2002, pet. denied) (appellate court would not presume leave was granted to file late-filed pleading where summary-judgment order did not state that all pleadings were considered and only stated that the trial court "reviewed the Motion, all exhibits, and the other evidence in the record"); *cf. Espeche v. Ritzell*, 65 S.W.3d 226, 230 (Tex. App.—Houston [14th Dist.] 2001)

---

[3] This is particularly true here, where the summary-judgment order specifically states that Kirby Tower's reply was considered. The reply pointed out that Markovsky had not filed a pleading asserting her affirmative defenses, and asked the trial court to deny Markovsky leave to file an untimely pleading because granting leave would be unfair and prejudicial.

13

(presuming leave granted where summary-judgment order did not state that pleadings were considered, but included reference to third party beneficiary that was only included in late-filed amended pleading), *rev'd on other grounds*, 65 S.W.3d 226 (Tex. 2002); *Burns v. Seascape Owners Ass'n, Inc.*, No. 01-11-00752-CV, 2012 WL 3776513, at *7 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (leave presumed where summary-judgment order recited "Having considered the pleadings and all evidence, the Court finds the motion is meritorious and should be granted."); *see also McIntyre v. Wilson*, 50 S.W.3d 674, 684 (Tex. App.—Dallas 2001, pet. denied) (leave to file not presumed where summary-judgment order did not state that all pleadings on file were considered). On this record, we conclude Markovsky waived her affirmative defenses.

However, even if we were to presume leave to file the original answer within seven days of the hearing was granted, we would nevertheless conclude that Markovsky failed to raise a fact issue regarding the three affirmative defenses she addresses on appeal.

### a. Compulsory counterclaim

Markovsky argues that Kirby Tower was precluded from asserting its counterclaims on remand because they were compulsory counterclaims that should have been asserted before the first appeal. When a counterclaim is compulsory, it "must be asserted in the initial action and cannot be asserted in later actions."

14

*Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999); *see also Moore v. First Fin. Res. Enters., Inc.*, 277 S.W.3d 510, 515 (Tex. App.—Dallas 2009, no pet.) ("[A] party's failure to assert a compulsory counterclaim precludes that party from asserting it in later lawsuits."). But the remand was not a "later action" and Markovsky cites no authority for the proposition that a compulsory counterclaim may not be asserted on remand if permitted by the appellate court mandate. We hold that Markovsky did not establish the existence of a fact issue on this affirmative defense.

### b. Limitations

Markovsky argues that she raised a fact issue about whether Kirby Tower's counterclaims are barred by the four-year statute of limitations. However, Kirby Tower pleaded anticipatory repudiation as an affirmative defense in its First Amended Answer on August 4, 2009, less than one year after Markovsky terminated the contract. Because Kirby Tower's breach of contract and declaratory judgment counterclaims relate back to this affirmative defense, they are not barred by limitations. *See Bacchus Indus., Inc. v. Frontier Mech. Contrs.*, 36 S.W.3d 579, 586 (Tex. App.—El Paso 2000, pet. denied) ("Because the counterclaim relates to the affirmative defense Frontier raised in its First Amended Answer, we believe the counterclaim was timely filed."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2015) ("If a filed pleading relates to a . . . defense that is not

15

subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence."). Accordingly, Markovsky did not raise a fact issue on limitations.

### c. Unenforceable penalty

"An assertion that a liquidated damages provision constitutes an unenforceable penalty is an affirmative defense, and the party asserting penalty bears the burden of proof." *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Urban Tel. Network Corp. v. Liquidity Solutions*, 277 S.W.3d 917, 919 (Tex. App.—Dallas 2009, no pet.). Thus, to avoid summary judgment based upon this defense, Markovsky was required to raise a fact issue regarding whether the liquidated damages stipulated—$300,000, or 10% of the purchase price of the condominium—was "disproportionate to actual damages." *See id.* (quotation marks omitted). Generally, this requires the party claiming unenforceable penalty to submit evidence of the actual damages incurred. *See id.*

Here, the only evidence Markovsky offered to support this defense was an excerpt from the deposition of Kirby Tower's sales manager, Doug Husid, stating that he personally "believed" that Kirby Tower would be able to sell the

16

condominium for an unspecified amount "more" than the amount Markovsky had agreed to pay once the building was constructed. Markovsky adduced no evidence that Kirby Tower actually sold the condominium for any amount, nor did she submit any other evidence relating to Kirby Tower's actual damages. Other courts have held similar liquidated damages provisions to be reasonable and enforceable in real estate transactions, where it has long been recognized that actual damages can be difficult to quantify. *See, e.g.*, *Chan v. Montebello Dev. Co.*, No. 14-08-00936-CV, 2008 WL 2986379, *5 (Tex. App.—Houston [14th Dist.] July 31, 2008, no pet.) ("The negotiated amount of earnest money, $92,000, or ten percent of the total purchase price of $920,000, is a reasonable amount of liquidated damages in a real estate transaction such as this one."); *Elliott v. Henck*, 223 S.W.2d 292, 295 (Tex. Civ. App.—Galveston 1949, writ ref'd n.r.e.) (earnest money provision providing for liquidated damages to seller that was ten percent of purchase price was not unenforceable penalty); *cf. Phillips v. Phillips*, 820 S.W.3d 785, 789–90 (Tex. 1991) (contractual provision providing that non-breaching party was entitled to 10 times actual damages was an unenforceable penalty). We thus conclude that Markovsky failed to raise a fact issue on whether the liquidated damages provision constitutes an unenforceable penalty.

We hold that the trial court did not err in granting Kirby Tower's motion for summary judgment, and we overrule Markovsky's first issue.[4]

## Motion for Entry of Judgment

In her second issue, Markovsky contends that the district court erred in denying her motion for entry of judgment, in which Markovsky sought a judgment ordering the release of the earnest money to her.

In the first appeal, we affirmed the trial court's take-nothing judgment against Markovsky on all of her claims, including her declaratory judgment claim in which she sought a declaration that she was entitled to the release of the earnest money based on Kirby Tower's failure to satisfy the May 31, 2008 completion date. *Markovsky*, 2011 WL 5429014, at *7. Accordingly, on remand, Markovsky was precluded from re-litigating her declaratory judgment claim for a declaration that she was entitled to the earnest money based on Kirby Tower's failure to complete construction by May 31, 2008. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) ("questions of law decided on appeal . . . will govern

---

[4] Markovsky also argues that the trial court improperly relied upon its own recollections of the 2010 trial in deciding to grant summary judgment. We do not address this complaint because we have concluded that the summary-judgment evidence is sufficient to support the grounds raised in the motion for summary judgment. *See Camp Mystic, Inc. v. Eastland*, 399 S.W.3d 266, 278 (Tex. App.—San Antonio 2012, no pet.); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (if trial court's order does not specify grounds for summary judgment ruling, court of appeals affirms summary judgment if any theory presented to the trial court and preserved for appellate review is meritorious).

the case throughout its subsequent stages"); *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.) ("When an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot re-litigate issues controverted at the former trial."); *In re Henry*, 388 S.W.3d 719, 728 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (in considering the case on remand, the trial court is bound by the law of the case). Accordingly, the trial court properly denied Markovsky's motion for entry of judgment. *See Briscoe*, 102 S.W.3d at 716; *Cessna Aircraft Co.*, 345 S.W.3d at 144; *In re Henry*, 388 S.W.3d at 728.

We overrule Markovsky's second issue.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.